# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CRIMINAL NO. 2:16-CR-20460 |
| vs. ) | |
| ) | HON. MARK A. GOLDSMITH |
| ) | |
| D-1 EDWIN MILLS ) | |
| D-2 CARLO WILSON ) | |
| ) | |
| Defendants. ) | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO EMPANEL A JURY FROM WAYNE COUNTY EXCLUSIVELY [ECF No. 771]**

COMES NOW the United States of America, by and through its attorneys, Matthew Schneider, United States Attorney and Louis A. Crisostomo and Robert Moran, Assistant United States Attorneys, and James Peterson, Department of Justice Trial Attorney, and hereby files its opposition to the Defendants' MILLS and WILSON's Motion for a Jury Drawn Exclusively from Wayne County, Michigan.

Defendants' motion seeks a far broader result than the law offers. They ignore the plain language of the statute, a jurisdiction and venue statute which explicitly states that the "*trial* of offenses punishable with death shall be had" in the county in which they were committed. They assert that in addition to having

1

the presentation of evidence at their trial take place in Wayne County, they are in fact entitled to a jury drawn solely from the confines of Wayne County, Michigan. Defendants' attempts to expand this statute beyond its clear and natural limits are misplaced and have been rejected by every court to have considered them. The Court should deny defendant's motion.

The government notes that defendants have requested an evidentiary hearing. The motion, however, involves a pure question of statutory construction and the defendants have offered no evidence in support of their motion. Consequently, the government requests that the motion be denied without an evidentiary hearing or oral argument.

## BRIEF IN SUPPORT

**I.     BACKGROUND**

In 1994, Congress enacted the FDPA, which establishes procedures for imposing the death penalty.  *See United States v. Lawrence*, 555 F. 3d 254, 264 (6th Cir. 2009).  On February 28, 2018, a federal grand jury returned the Second Superseding Indictment.  ECF No. 292.  On March 1, 2018, the government filed its Notice of Intent to Seek the Death Penalty (NOI) against E. MILLS and WILSON.  ECF No. 293.

In their motion, defendants' invoke 18 U.S.C. § 3235 to assert a statutory privilege for venue in Wayne County, the county in which they committed the murder of two individuals, as well as a right to a jury selected exclusively from that county.  The statute provides as follows:

> The trial of offenses punishable with death shall be had in the county where the offense was committed, where that can be done without great inconvenience.

18 U.S.C. § 3235. Defendants will be afforded their statutory privilege in this case, as their trial is already set to take place at the United States Courthouse in Wayne County, wherein the defendants committed their capital crimes.  However, defendants' motion seeks a far broader result than the law offers.  Ignoring the plain language of the statute, which explicitly states that the "trial of offenses punishable with death shall be had" in the county in which they were committed,

they assert that in addition to having the presentation of evidence at their trial take place in Wayne County, they are in fact entitled to a jury drawn solely from the confines of Wayne County. 18 U.S.C. § 3235. Defendants' attempt to expand this statute beyond its clear and natural limits are misplaced and has been rejected by every court to have considered them. The Court should deny defendants' motion.

## II. ARGUMENT

Defendants are not statutorily or constitutionally entitled to a jury consisting solely of Wayne County residents. As in other cases, capital and non-capital, the jurors in this case should be randomly selected from across the Eastern District of Michigan, pursuant to the Plan of the United States District Court, Eastern District of Michigan, for the Random Selection of Grand and Petit Jurors (the "Jury Plan").

### A. 18 U.S.C. § 3235 Does Not Entitle Defendants To a Jury Selected From the County of Their Capital Offenses

Defendants claim that 18 U.S.C. § 3235 entitles them to a jury selected exclusively from Wayne County.[1] A court must give a statute its plain and

---

[1] Defendants do not make the claim that the Sixth Amendment entitles them to a jury pool selected exclusively from Wayne County. In *United States v. Savage*, 2012 WL 4616099 (E.D. Pa. Oct. 2, 2012) the court rejected the defendant's more robust constitutional claim that the Sixth Amendment entitled him to a jury drawn from the county of his offense. *Id.*, 2012 WL 4616099, at *3. The court did so on the ground that while the defendant had satisfied the first prong by identifying a cognizable group, and had provided census data in an effort to further the second

4

ordinary meaning and not go beyond the words of the statute where those words are sufficient to explain its meaning. *See United States v. Choice*, 201 F.3d 837, 840 (6th Cir. 2000) ("The language of the statute is the starting point for interpretation, and it should also be the ending point if the plain meaning of that language is clear"). In ascertaining the plain meaning of the statute, the court must look to the particular statutory language at issue, as well as the language and design of the statute as a whole. *Terrell v. United States*, 564 F. 3d 442, 449 (6th Cir. 2009). The Court should first look to the ordinary meaning of the word at issue, and then read the word in the context of the statutory scheme at issue. *Id.*, *citing Carcieri v. Salazar*, 555 U.S. 379, 388 (2009). Here, the statutory language is quite clear:

> The trial of offenses punishable with death shall be had in the county where the offense was committed, where that can be done without great inconvenience.

18 U.S.C. § 3235. The text of the statute does not state or infer that a jury should be drawn from the county of the offense, notwithstanding defendants' expansive interpretation of the term "venue" in the title - but not the text - of the statute. Moreover, the context of § 3235 in the statutory scheme is also clear. The section

---

prong, he had failed to establish a constitutional violation because he had not even attempted to establish a large discrepancy that was repeated over time. *Id*. Here, however, defendant has made no effort to satisfy any of the prongs and have raised no Constitutional claim.

is found in Chapter 211 – Jurisdiction and Venue. Section 3235 is not part of any jury selection or vicinage provision.

Reference to historical developments is unwarranted in the face of such unambiguous language, but in any event, history does not support defendants' argument. In the 18th century, Congress provided that jurors in a capital trial should be selected from the county of his offense. Judiciary Act of 1789, 28 U.S.C. § 101. However, Congress elected to repeal that specific provision more than 150 years ago, and it has never reinstated it. *See United States v. Parker*, 19 F. Supp. 450, 459 (D. N.J. 1937) ("On July 16, 1862, the words 'twelve petit jurors at least shall be summoned from thence' were excised from the statute by repeal"). Congress later enacted 18 U.S.C. § 3235, which says nothing at all about selecting jurors from the county of the offense. Particularly in light of the historical existence of a vicinage requirement centuries ago, Congress could easily have chosen to revive that long-dead provision, if it had intended or wanted to do so. But Congress elected not to incorporate a vicinage provision into 18 U.S.C. § 3235. Defendants' demand that the statute be judicially rewritten should be rejected.

Defendants also have not cited a single case supporting their proposition that the terms "venue" and "trial" in 18 U.S.C. § 3235 should be interpreted to entitle

6

them to a jury drawn solely from Wayne County, Michigan.[2] The courts that have addressed this issue have uniformly rejected the same arguments made by defendants here. In *United States v. Savage*, the defendant similarly claimed that holding his capital trial in Philadelphia County was alone insufficient to satisfy 18 U.S.C. § 3235, and that all jurors must be selected from that county. *Savage*, 2012 WL 4616099 (E.D. Pa. 2012). The *Savage* court flatly rejected the identical arguments raised by defendants here:

> Section 3235 is unambiguous. There is nothing in § 3235 that requires the jury to be selected from the county of the offense. We reject Defendant's attempt to import a "vicinage requirement" into the statute. Defendant invites us to construe the terms "venue" and "trial" in 18 U.S.C. § 3235 as encompassing a requirement that the empaneled jury must be citizens of the county of the offense. Such a constrained interpretation finds no support in the law. The statute requires only that the trial of a capital defendant be held in the county where the offense was committed. It says nothing with respect to the location from which jurors will be selected. Moreover, Defendant fails to cite a single case that supports his interpretation of 18 U.S.C. § 3235. In fact, the cases that he relies upon do just the opposite. . . . Accordingly, we conclude that 18 U.S.C. § 3235 does not provide Defendant with the right to select a jury comprised of only Philadelphia County residents.

---

[2] Defendants cite to *United States v. Parker*, 19 F. Supp. 450, 459 (D. N.J. 1937) in support of their claim. But according to the *Parker* court, the early inclusion of the vicinage requirement was repealed because the legislature realized that it was confusing and inconsistent with the goal of an impartial jury. 19 F. Supp. at 460 ("Later this inconsistency and this confusion was realized. The twelve neighbors were removed from the statute and we have the modern system. How far the neighborhood has been abandoned appears from the fact that even if the trial were held in Burlington county the jurors not only could but must be drawn from other parts of the district.") (*citing United States v. Merchants' & Miners' Transp. Co.*, 187 F. 355 (1911), for the proposition that a jury must be drawn from throughout the district in part to secure impartial jurors).

*Id.*, at *2. *See also United States v. Fell*, 571 F. 3d 264, 266 (2nd Cir. 2009) ("The dissent nevertheless urges us to consider *en banc* whether federalism principles require us to construe the Sixth Amendment vicinage requirement to demand not only that a federal criminal jury be drawn from the relevant state and district, but also that its members somehow represent the local 'values' of that vicinage. . . Respectfully, I think no such *en banc* review, much less such a remand, is warranted in this case").

Likewise, in *United States v. Johnson*, the court rejected the defendant's invitation to read a vicinage requirement into 18 U.S.C. § 3235. *Johnson*, 2010 WL 1294058 (E.D. La. Mar. 29, 2010). Noting that the defendant had argued, like defendants here, that the term "venue" in the title of the statute contemplates not only the locale of the presentation of evidence but also jury venire and selection, the court stated as follows:

> The clear language of [18 U.S.C. § 3235] does not lend direct support to the creative argument proposed by the defendant.

*Id.*, at *2.

The court also rejected the defendant's single county jury selection argument in *United States v. Ciancia*, Case No. CR 13-00902-PSG (C.D. CA). In that case, the federal capital defendant filed a nearly identical motion arguing that "jurors in this case should be selected only from Los Angeles County, the county of the offense in which the alleged capital crimes occurred." Motion to Secure a Jury

8

from the County of the Alleged Offense, Pursuant to 18 U.S.C. § 3235, *Ciancia*, Case No. CR 13-00902-PSG (C.D. CA) ECF. 176 (July 13, 2015). The Court rejected the defendant's 18 U.S.C. § 3235 argument, stating:

> No court has held that the term "trial" under 18 U.S.C. § 3235 also includes jury venire and selection.
>
>    *        *        *
>
> There is no case law to support Defendant's claim that 18 U.S.C. § 3235 allows for a jury to be composed of only residents of the county in which the crime was committed.

Order DENYING Defendant's Motion to Secure a Jury From the County of the Alleged Offense Under 18 U.S.C. § 3235, *Ciancia*, Case No. CR 13-00902-PSG (C.D. CA) ECF. 226 (Sept. 3, 2015), attached as Exhibit A.

In *United States v. Watts*, 2016 U.S. Dist. LEXIS 161919 (S.D. Ill. Nov. 21, 2016), the court also rejected the defendant's single county jury argument. In *Watts*, the defendant argued that:

> § 3235 requires the jury be selected from the county where the offense occurred unless greatly inconvenient. He argues that this interpretation of § 3235 ensures that the jury's decision reflects the conscience of the unique community effected by the offense. He also notes that the racial make-up of the population in the Benton Division (5% African-American) is markedly different than that of Alexander County (32.7% African-American). Watts, who is African-American, argues this disparity impermissibly dilutes African-Americans' representation in the jury venire, and he asks the Court to remedy this disparity by selecting only jurors from Alexander County despite the fact that it would be in contravention of the Jury Plan.

9

*Watts*, 2016 WL 6873040, at *2.  The court rejected the defendant's argument,

holding:

> The Court first notes that, as *Watts* has admitted, every court to consider his statutory argument has rejected it. The Court does likewise for many of the same reasons set forth in *United States v. Ciancia*, No. 2:13-cr-902-PSG, 2015 U.S. Dist. LEXIS 182566 (C.D. Cal. Sept. 3, 2015), attached to the Government's response to Watts's motion, and in *United States v. Savage*, No. 07-550-03, 2012 U.S. Dist. LEXIS 142844, 2012 WL 4616099 (E.D. Pa. Oct. 2, 2012).  First, the plain language of § 3235 does not require that jurors be selected from the county of the offense, only that the trial be held there if not greatly inconvenient.   In the absence of any persuasive authority or compelling reason, the Court will not construe the word "trial" or "venue" so broadly as to include the procedures used to draw the venire for Watts's case. This Court agrees with the *Savage* court . . .
>
>      *      *      *
>
> Second, the Court does not believe Congress intended for capital case jurors to be selected exclusively from the county of the offense. It originally had this intent in 1789 when it passed the Judiciary Act of 1789, but after realizing the difficulty obtaining impartial jurors from the immediate vicinity of the crime, it eliminated the requirement in 1862 and has not reenacted it since then. There is simply no support for the proposition that Congress intended in enacting § 3235 for jurors in capital cases to all come from the county of the offense.

*Id.*, at *3.

Rather than citing to the applicable law on this question, all of which runs directly contrary to his position, defendants dwell at length on the history of an early American statute repealed 150 years ago. In so doing, they rely upon *Zicarelli v. Gray*, 543 F.2d 466 (3rd Cir. 1976), a non-capital case that does not reference 18 U.S.C. § 3235, does not support defendants' statutory argument, and

10

expressly contradicts defendants' constitutional argument. In *Zicarelli*, after an exhaustive historical analysis, the Third Circuit declined to find a constitutional right to a jury drawn from the county of his crimes, stating that the law requires jurors to be "drawn from within the state and federal judicial district in which the crime was committed," and holding that a "narrower geographical focus" is not compelled. 543 F.2d at 482.

What actually controls is the Jury Selection and Service Act ("JSSA"), which provides that "all litigants in Federal courts entitled to a trial by jury shall have the right to grand and petit juries selected at random from a fair cross section of the community in the district or division wherein the court convenes." 28 U.S.C. § 1861. The government enforces that right by requesting empanelment of a jury drawn from throughout the district.

Defendants' motion to compel selection of a jury from Wayne County, Michigan on the basis of 18 U.S.C. § 3235 should be denied.

## CONCLUSION

The government requests that the Court deny the defendants' motion to have a capital jury drawn solely from the confines of Wayne County, Michigan.

    Respectfully submitted,
    MATTHEW SCHNEIDER
    United States Attorney

By    *s/James Peterson*
James Peterson
Bar ID: VA 35373
Trial Attorney
Capital Case Section
Criminal Division
United States Department of Justice
1331 F Street, N.W.
6th Floor
Washington, DC 20530
James.D.Peterson@usdoj.gov
Phone: (202) 353-0796
Fax (202) 353-9779

LOUIS CRISOSTOMO
ROBERT MORAN
Assistant United States Attorneys
211 W. Fort Street, Suite 2001
Detroit, MI 48226

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of March, 2019, a true and correct copy of the foregoing document was filed with the Court using the Court's CM/ECF systems and was served upon each attorney of record via ECF notification.

*/s/ James D. Peterson*
James D. Peterson
Trial Attorney