UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,         ) | |
| ) | |
| Plaintiff,         ) | |
| ) | CRIMINAL NO. 2:16-CR-20460 |
| vs.         ) | |
| ) | HON. MARK A. GOLDSMITH |
| D-1   EDWIN MILLS,         ) | |
| ) | |
| D-2   CARLO WILSON,         ) | |
| ) | |
| Defendants.         ) | |

**GOVERNMENT'S REPLY TO THE RESPONSE TO MIL TO PRECLUDE NULLIFICATION ARGUMENTS AND INSTRUCTIONS [ECF No. 1055]**

COMES NOW the United States of America, by and through its attorneys, Matthew Schneider, United States Attorney and Louis A. Crisostomo, Robert Moran, and Andrew Picek Assistant United States Attorneys, and James Peterson, Department of Justice Trial Attorney, and files this reply to the response to the motion *in limine* to preclude defendants MILLS and WILSON from asking, or arguing, for death penalty nullification, including informing the jury of the consequences of their failure to reach unanimity. ECF No. 1055.

It is not uncommon in federal capital trials for defendants to advocate, argue, and attempt to inform jurors concerning nullification issues at all phases of trial and throughout the trial process from voir dire to jury instructions and argument. Contrary to MILLS and WILSON's argument in their response, the government's

motion was not limited to asking the court to "refrain from instructing the jury at a possible penalty phase" of the effects of non-unanimity" although it certainly encompasses that request. Defendants have no right to argue for nullification at any phase of a trial, and no right to specifically inform the jury of the effect of their failure to reach a unanimous sentencing verdict. The Supreme Court considered this precise issue and held that "The truth of the matter is that the proposed instruction has no bearing on the jury's role in the sentencing process." *Jones v. United States*, 527 U.S. 373, 379 (1999). Such instruction or argument is also contrary to Sixth Circuit case law. *See Coe v. Bell*, 161 F.3d 320, 339-340 (6th Cir. 1998); *Williams v. Anderson*, 460 F.3d 789, 809–10 (6th Cir. 2006).

## BRIEF IN SUPPORT

In past Federal Death Penalty Act (FDPA) cases, defendants have sought to advocate for penalty phase nullification starting at the jury questionnaire phase and extending through closing argument. In the recent FDPA case *United States v. Christensen*, Case No. 17-cr-20037-JES-JEH (C.D. Ill.), the defendant sought to include language in the jury questionnaire to the effect:

> If, and only if, all twelve jurors unanimously find that death is the appropriate sentence for [the defendant], will a death sentence be imposed. On the other hand, if one or more jurors find that a sentence of life imprisonment without the possibility of release is the appropriate sentence for [the defendant], the judge will impose a sentence of life imprisonment without the possibility of release.

*See Christensen*, Case No. 17-cr-20037-JES-JEH (C.D. Ill. ) ECF No. 166, pg. 6. The Court subsequently rejected the defense proposed language concerning the effect of non-unanimity. *Id*., at ECF No. 221. In some publications, Federal Capital Resource Counsel have been quite candid about their approach and their methods. *See* Rubenstein, *Overview of the Colorado Method of Voir Dire*, 34 Champion 18 (2010), attached as Exhibit A. For example, in that publication, resource counsel identifies as a simple principle that "potential life-giving jurors are questioned about their ability to bring a life result out of the jury room." *Id*., at 1. The article instructs counsel to "Confirm that the juror understands that one vote for life imprisonment means that the death penalty will not be imposed." *Id*., at 7. In his subsequent Motion for Visual Aids to be Used in Voir Dire, the

defendant in *Christensen* again sought to instruct the jury on the effect of an inability to reach unanimity by having a poster sized exhibit for voir dire stating "If even one juror votes for life, the sentence will be lifetime imprisonment without the possibility of release." *Christensen,* Case No. 17-cr-20037-JES-JEH (C.D. Ill. ), at ECF No. 353, pg. 3. The Court rejected that attempt as well. *Id*., at Minute Entry June 3, 2019. In *United States v. McGriff*, Cr-04-966 (FB), a case cited by defendants in ECF No. 1053, the defendant argued in closing:

> One vote means life. That doesn't mean that you don't deliberate. I would never suggest you shouldn't sit down and discuss and listen to what others say, but it is a unique and individual decision. If, after listening to all your fellow jurors and discussing it as thoroughly as you think appropriate, you were even the only vote for a life sentence, the sentence would be life. That's why I say one vote equals life. All of you must vote for the execution of Kenneth McGriff in order for that to take place.
>
> Any one of you is free to decide that death is not the appropriate punishment.

*United States v. McGriff*, No. 04-CR-966 (E.D.N.Y. Feb. 9, 2007) ECF No. 893, attached as Exhibit B, pg. 2440. Consequently, defendants in FDPA cases have attempted to inject nullification arguments and justification into all aspects of a federal capital trial.

The government suggests that MILLS and WILSON misread *Jones v. United States*, 527 U.S. 373, 379 (1999) and ignore *Coe v. Bell*, 161 F.3d 320 (6th Cir. 1998) and *Williams v. Anderson*, 460 F.3d 789 (6th Cir. 2006) completely. Defendants state that *Jones* stands for the proposition that "informing the jury of

the consequence of non-unanimity is left to the discretion of the trial court." ECF No. 1055, pg. 2.  To the contrary, the Supreme Court in *Jones* said clearly that "The truth of the matter is that the proposed instruction has no bearing on the jury's role in the sentencing process." *Jones,* 527 U.S. at 382.   The Court also said:

> On the contrary, we have long been of the view that "the very object of the jury system is to secure unanimity by a comparison of views, and by arguments among the jurors themselves." *Allen* v. *United States*, 164 U.S. 492, 501, 41 L. Ed. 528, 17 S. Ct. 154 (1896).  We further have recognized that in a capital sentencing proceeding, the Government has "a strong interest in having the jury express the conscience of the community on the ultimate question of life or death." *Lowenfield* v. *Phelps*, 484 U.S. 231, 238, 98 L. Ed. 2d 568, 108 S. Ct. 546 (1988) (citation omitted). We are of the view that a charge to the jury of the sort proposed by petitioner might well have the effect of undermining this strong governmental interest.

The statement that the holding in *Jones* is simply a deferral to the discretion of the trial court, the government suggests, is simply a misreading of *Jones*.

To the extent that there is any ambiguity in *Jones*, it is resolved by the Sixth Circuit in *Coe v. Bell*, 161 F.3d 320 (6th Cir. 1998).  In *Coe*, the state trial court refused an instruction offered by the defendant which would have told the jury that if it could not reach agreement as to the appropriate punishment, the court would dismiss it and impose a life sentence, and the 6th Circuit affirmed, holding:

> . . . The jury's role was to deliberate and to attempt to reach a unanimous verdict.  The fact that there was a statutorily defined default rule in case the jury could not agree does not change this fact. Indeed, it does not necessarily mislead a jury regarding its role to avoid disclosing what will happen if the jury fails to achieve unanimity.  If Coe were correct here, the Supreme Court surely would not have decided *Lowenfield v. Phelps*, 484 U.S. 231, 98 L. Ed. 2d 568, 108 S. Ct. 546 (1988), the way it did. In that case, the Court

> approved use of an *Allen* charge in a capital case. *Id*. at 237-38. It cited approvingly the Court's statement in *Allen* that "the very object of the jury system is to secure unanimity by a comparison of views, and by arguments among the jurors themselves." Id. at 237 (*quoting Allen v. United States*, 164 U.S. 492, 501, 41 L. Ed. 528, 17 S. Ct. 154 (1896)).

*Id*., at 339-40. Consequently, any argument that a jury should be informed about the consequences of its failure to reach unanimity in a sentencing proceeding, in jury questionnaires, voir dire, or sentencing, is foreclosed, the government suggest, by Supreme Court and Sixth Circuit precedent. *See also United States v. Taylor*, 814 F. 3d 340, 372 (6th Cir. 2016); *United States v. Lawrence*, 735 F. 3d 385, 428 (6th Cir. 2013) (affirming rejection of solitary juror instruction).

To the extent the defendants rely upon other cases that have allowed instruction or argument suggesting nullification is permissible, but in which the issue was never litigated, the government notes that cases implicating issues that "merely lurk in the record, neither brought to the attention of the court nor ruled upon," do not establish binding precedent on the unexamined point. *Rinard v. Luoma*, 440 F.3d 361, 363 (6th Cir.2006); *United States v. Lucido*, 612 F.3d 871, 876 (6th Cir. 2010).

## Conclusion

WHEREFORE, the United States respectfully moves the Court, *in limine*, to preclude MILLS and WILSON from asking, or arguing, for death penalty

nullification, including informing the jury of the consequences of their failure to reach unanimity, at any phase of the proceedings.

        Respectfully submitted,

        MATTHEW SCHNEIDER
        United States Attorney

    By    *s/James Peterson*
        James Peterson
        Bar ID: VA 35373
        Trial Attorney
        Capital Case Section
        Criminal Division
        United States Department of Justice
        1331 F Street, N.W.
        6th Floor
        Washington, DC 20530
        James.D.Peterson@usdoj.gov
        Phone: (202) 353-0796
        Fax (202) 353-9779

        LOUIS CRISOSTOMO
        ROBERT MORAN
        ANDREW PICEK
        Assistant United States Attorneys
        211 W. Fort Street, Suite 2001
        Detroit, MI 48226

### CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of August 2019, a true and correct copy of the foregoing document was filed with the Court using the Court's CM/ECF systems and was served upon each attorney of record via ECF notification.

        */s/ James D. Peterson*
        James D. Peterson
        Trial Attorney