UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CRIMINAL NO. 2:16-CR-20460 |
| vs. | ) | |
| | ) | HON. MARK A. GOLDSMITH |
| | ) | |
| D-2   CARLO WILSON, | ) | |
| | ) | |
| Defendants. | ) | |

**GOVERNMENT OPPOSITION TO MOTION TO SEAL COMPETENCY REPORT AND HEARING [Doc. 1178]**

COMES NOW the United States of America, by and through its attorneys, Matthew Schneider, United States Attorney and Louis A. Crisostomo, Robert Moran, and Andrew Picek Assistant United States Attorneys, and James Peterson, Department of Justice trial attorney and files this opposition to WILSON's motion for Court Order Sealing Competency Report and Hearing. Doc. 1178.

The motion for order should be denied for several reasons.  First, WILSON cites no authority on point in similar cases that support his motion.  The one competency case he cites was later modified and unsealed the transcripts of the hearing as well as the report.  Cases considering the sealing of competency hearings in Federal Death Penalty Act (FDPA) cases have denied the requests, or

unsealed the reports upon request. *See United States v. Guerrero*, 693 F. 3d 990 (9th Cir. 2012); *United States v. Kaczynski*, 154 F.3d 930, 932 (9th Cir. 1998) ("We conclude that the public and the media have a legitimate interest in disclosure of the [competency] report"). Second, competency hearings in FDPA cases are commonly open to the public, with the full transcripts available on PACER. Third, other federal capital defendants have filed their competency reports, publicly disclosing their personal identifying information (birth dates) as well as substantial medical and mental health information. *See Purkey v. Barr*, Case 1:19-cv-03570 (D. D.C. Nov. 26, 2019) Doc. 1. Fourth, WILSON himself has disclosed his own competency report, as well as attorney-client interactions, in a public PACER filing in this case, thus demonstrating that there is no compelling reason to seal the report, or the hearing. See Doc. 965-1. Fifth, a similar issue was raised, and denied, when WILSON sought to seal the *Atkins* reports in this case. *See* Doc. 927.

Any concerns about specific facts can be remedied by the Court, if appropriate, by redaction at the competency hearing. The defendant also misapprehends the government's position. The government has not publicly filed the competency report, and does not intend to make such a filing. The extraordinary remedy of sealing records or a hearing is not warranted.

# **BRIEF IN SUPORT**

## I.     Procedural Background

On June 25, 2019, CARLO WILSON filed a motion for a hearing to determine his mental competency.  Doc. 965.  As an exhibit to that motion, WILSON attached a competency report by his expert, Dr. George Woods, in the PACER public filing.  See Doc. 965-1.  The report was dated the same day, and addressed only to defense counsel.  *Id*.  In the body of the publicly filed report, Dr. Woods disclosed the statements and interactions observed by him between defense counsel and the defendant.  Specifically, Dr. Woods reported:

> At your request, on June 21 and June 22, 2019, I observed your discussions with Mr. Carlo Wilson, at the Huron County Jail, in Bad Axe, Michigan, regarding his understanding and comprehension of his case . . .

*Id*., at pg. 1.  Dr. Woods also disclosed his specific discussions with WILSON concerning prior mental health evaluations.  *Id*., at pg. 6 ("I asked Mr. Wilson both about the specific experts he has been assessed by and what the overall purpose was, as he understood it").

Previously, on May 21, 2019, WILSON filed an *ex parte* motion for leave to file expert reports related to *Atkins* litigation under seal.  Doc. 926.  On May 23, 2019, the Court denied WILSON's motion to file *Atkins* reports under seal.  Doc. 927.

On July 22, 2019, WILSON filed a motion for an order that any confidential matters that he discloses for purposes of the competency evaluation not be used against him. Doc. 999. The government opposed the broad motion seeking to keep confidential materials used for the competency evaluation. Doc. 1017. Both parties extensively brief issues concerning confidentiality, waiver, Fifth, and Sixth Amendment privileges. On August 19, 2019, the Court issued an order denying WILSON's motion to limit use of mental competency evidence. Doc. 1047.

The government further notes that Dr. Watkins specifically discussed with WILSON the limits of confidentiality and he agreed to participate in the evaluation knowing that the information gathered, including his own testing, could be used in court.

## II. Legal Argument

WILSON's motion is not supported by federal constitutional, statutory, or case law. WILSON's request is also not supported by the express language of 18 U.S.C. § 4247. Nothing in the federal statutory framework relating to competency hearings in criminal cases, or in the Federal Rules of Criminal Procedure provides that such proceedings should be closed to the public. Indeed, "criminal proceedings, including hearings relating to the competency of a defendant, have historically open to the public and press." *United States v. Guerrero*, No. 1:08-cr-00259 (E.D. CA, Nov. 2, 2011) Doc. 481, pg. 3, attached as Exhibit A. And the

value of ensuring public access to criminal proceedings, while not without qualification, is well settled. *Id., citing Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 570-72 (1980). *See also White v. Mitchell*, 431 F. 3d 517 (6th Cir. 2005) (approving use of information from Court ordered competency evaluation in death penalty trial), *Simon v. Cook*, 261 Fed. Appx. 873, 886 (6th Cir. 2008), *Fuller v. Kerr*, Case No. 2:13-CV-13171, 2015 WL 1565367 (E.D. MI Apr. 8, 2015) ("Having made these claims and put these aspects of his mental and physical health at issue, Fuller has effectively waived whatever privilege he had to his medical and psychological records").

WILSON cites one case discussing the closing of a competency hearing in support of his motion. Doc. 1178, pg. 5, *citing United States v. Curran*, No. CR-06-227, 2006 WL 1159855, *5 (D. Ariz. May 2, 2006). However, WILSON's citation to *Curran* is incomplete. First, the government did not oppose the motion to seal in that case. *Curran*, No. CR-06-227, 2006 WL 1159855, *1 ("This matter arises on Defendant's unopposed Motion to Seal Competency Report and Hearing"). Second, shortly after *Curran* was decided, the court subsequently determined that the defendant's competency report and the transcript of the defendant's competency hearings, which it had initially sealed, should be released, *with redactions*. *United States v. Curren*, No. CR-06-227-PHX-EHC, 2006 U.S. Dist. LEXIS 36255, at *8 (D. Ariz. Jun. 2, 2006), *cited in United States v. Hoyt*,

No. 1:15-cr-1, 2016 WL 776595 (S.D. Ohio, Feb. 29, 2016).  The government notes that the subsequent unsealing was done with the defendant's consent, but also points out that the initial sealing was also done with the government's consent.  Accordingly, the government suggests, *Curren* has little, if any, persuasive value.

   A.   **Prior FDPA Competency hearings and pleadings have not been sealed**

WILSON'S claim is contrary to prior practice as well as decisions in other FDPA cases where competency claims have been raised.  *See United States v. Guerrero*, 693 F. 3d 990 (9th Cir. 2012); *see also* Order Denying Defense Motion to Seal Document and Motion to Seal Competency Proceedings, *United States v. Guerrero*, No. 1:08-cr-00259 (E.D. CA, Nov. 2, 2011) Doc. 481, attached as Exhibit A.  In *Guerrero*, the federal capital defendant filed a motion to seal the competency proceedings.  *Guerrero*, 693 F. 3d at 995.  Attached to the motion were six exhibits, including a 27-page "Social History Summary" of the defendant and a 77-page memorandum chronicling defense counsels' interactions with the defendant.  *Id*.  The defendant specifically requested that the district court seal the evidentiary hearing, all exhibits received into evidence or referred to by witnesses at the hearing, any post-hearing briefs, and any detailed findings of fact issued by the district court concerning competency.  *Id*.  The district court denied the motion.  *Guerrero*, No. 1:08-cr-00259 (E.D. CA, Nov. 2, 2011) Doc. 481, attached as Exhibit A.  The defendant appealed.  The Ninth Circuit ultimately dismissed the

appeal, holding that "any benefits of immediate appeal of a district court's order resolving a motion to seal competency proceedings and related documents is not "sufficiently strong to overcome the usual benefits of deferring appeal until litigation concludes" noting that "an estimated 25,000 to 60,000 competency evaluations are performed annually in the United States." *Guerrero*, 693 F. 3d at 999.

    The defendant also filed a petition for a writ of mandamus to force the district court to seal the exhibits and proceedings. *Id*. In holding that the district court did not "clearly err" in denying the defendant's motion to seal, and thus denying the petition for a writ, the Ninth Circuit addressed the defendant's specific arguments. In considering the defendant's "public access" argument, the Court held that the "district court stated that the value of ensuring public access to criminal proceedings is well settled and that nothing in federal law provides that competency hearings should be closed to the public. We agree." *Id*., at 1001. With respect to the defendant's claim that he would be irreparably harmed if the proceedings were not sealed, the Court found the district court's finding that the defendant had not shown irreparable harm was not clearly erroneous, noting that "The presumption of access may be overcome 'only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" *Id*., at 1002. In addressing the defendant's privacy

claims, the Court found that "there are alternatives to closure and it was not clear error to conclude that Guerrero's privacy interests do not override the First Amendment right of access." *Id*., at 1003. Lastly, the Court considered the defendant's argument that his attorney-client privilege and work product privilege would be harmed by an open hearing. In rejecting that claim, the court found that "Guerrero's interest in maintaining the confidentiality of his attorney communications does not override the public's interest in open proceedings." *Id*.[1]

Other courts have made it clear that competency proceedings and exhibits should not be kept from the public, or kept under seal. *See United States v. Kaczynski*, 154 F.3d 930, 932 (9th Cir. 1998) ("We conclude that the public and the media have a legitimate interest in disclosure of the [competency] report"); *see also United States v. Mitchell*, No. 2:08CR125DAK, 2010 U.S. Dist. LEXIS 21004 (D. Utah, Mar. 8, 2010) (adopting less restrictive proposal of letting press view competency exhibits at the courthouse).

Past FDPA competency hearings have been open to the public, and the transcripts of those hearings are publicly available on PACER. *See United States v. William Merriweather,* 2:07-cr-243-RDP-JEO (N.D. Ala., Jul 21, 2014) Doc.

---

[1] With respect to the attorney-client privilege claim, the Court stated "Because Guerrero's confidential communications will not be used against him in a criminal proceeding, his primary interest in the privilege is protected. Any distress he may feel through public disclosure of information presented at the competency hearing does not overcome the public's First Amendment right of access." *Id*., at 1004.

549, transcript of competency hearing; *United States v. Thompson*, No. 2:08-cr-20397-JPM-dkv (W.D. Tenn., Jun. 28, 2011) Doc. 380, transcript of competency hearing; *United States v. Jarvis Wayne Madison*, No. 6:17-cr-00015-RBD-KRS-1 (M.D. Fla., Oct. 15, 2018) Doc. 412, transcript of competency hearing; *United States v. Ulysses Jones, Jr.*, Case No. 6:10-CR-03090-DGK-1, (W.D. MO, Jul. 24, 2017) Doc. 326, transcript of competency hearing. In fact, a review of those transcripts also reveals that evidence of *ex parte* interactions between the attorney, defendant and the court were disclosed in open court as well. *See Merriweather*, 2:07-cr-243-RDP-JEO (N.D. Ala., Jul 21, 2014) Doc. 549, pg. 60 ("And you ultimately got a copy of the transcript of that discussion between Mr. Merriweather and counsel for the defense and the Judge?").

The government further notes that in the most recent FDPA competency to be executed challenge, the defendant filed all of his defense mental health competency reports in a public filing on PACER. *See Wesley Ira Purkey v. Barr*, Case No. 1:19-cv-03570 (D.D.C., Nov. 26, 2019) Doc. 1. The reports included a competency to be executed report by Dr. Bhushan S. Agharkar, a forensic neuropsychological evaluation by Dr. Jonathan Deright, a forensic neuropsychological evaluation by Dr. Robert H. Ouaou, and a psychological evaluation by Dr. Frederic Suatter. *Purkey v. Barr*, Case No. 1:19-cv-03570 (D.D.C., Nov. 26, 2019) doc. 1-1. The public filing also included extensive

mitigation specialist observations, as well as historical medical and mental health reports. *Id*. In explaining the disclosure of information in a public filing, in part, and the resulting waiver counsel stated:

> Counsel understand that petitioner's communications are otherwise privileged. Nevertheless, Mr. Purkey's mental illness and social isolation inevitably make counsel the primary witness of his incompetence. The ABA Guidelines both envision and endorse the dual role occupied by present counsel under these circumstances. *See* American Bar Association Guidelines for the Appointment and Performance of Defense Counsel in Death Penalty Cases, § 10.15.1 ("Duties of Post-Conviction Counsel"), comm. (2003) ("Counsel's ongoing monitoring of the client's status .. . also has a strictly legal purpose. . . .[A] worsening in the client's mental condition may directly affect the legal posture of the case[,] and the lawyer needs to be aware of developments. For example, the case establishing the proposition that insane persons cannot be executed was heavily based on notes on the client's mental status that counsel had kept over a period of months"); *Ford*, 477 U.S. at 402 (relying on counsel's notes and observations); *Panetti*, 551 U.S. at 936 (noting stand-by counsel's observations of Panetti "both in private and in front of the jury").

*Purkey*, Case No. 1:19-cv-03570 (D.D.C., Nov. 26, 2019) Doc. 1, Complaint, fn. 2.

Any order sealing the competency report, or hearing, could also lead to absurd results. For example, if the report were sealed, could the parties refer to findings, conclusions, or observations made in the competency evaluation in a subsequent pleading filed in Court? Would the parties need Court permission to disclose the report to other parties affiliated with the litigants to conduct follow up research or investigation? The Court should not, the government suggests, take the extraordinary step of sealing the competency report or hearing to protect interests

that, if appropriate and demonstrated, could be dealt with by selective redactions to the report.

## Conclusion

For the aforementioned reasons, the Government requests that the Court deny WILSON's motion to seal the competency report and the competency hearing.

Respectfully submitted,

MATTHEW SCHNEIDER
United States Attorney

By     *s/James Peterson*
James Peterson
Bar ID: VA 35373
Trial Attorney
Capital Case Section
Criminal Division
United States Department of Justice
1331 F Street, N.W.
6th Floor
Washington, DC 20530
James.D.Peterson@usdoj.gov
Phone: (202) 353-0796
Fax (202) 353-9779

LOUIS CRISOSTOMO
ROBERT MORAN
ANDREW PICEK
Assistant United States Attorneys
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9100

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 6th day of December 2019, a true and correct copy of the foregoing document was filed with the Court using the Court's CM/ECF systems and was served upon each attorney of record via ECF notification.

                                      */s/ James D. Peterson*
                                      James D. Peterson
                                      Trial Attorney