## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

D-2 CARLO WILSON,

Defendant.

_____/

CRIM. NO. 16-20460

HON. MARK A. GOLDSMITH

### GOVERNMENT'S SUPPLEMENTAL MEMORANDUM IN RESPONSE TO DEFENDANT WILSON'S SUPPLEMENTAL AUTHORITY (ECF No. 1399)

Carlo Wilson previously filed a motion seeking relief from the government seeking the death penalty against him pursuant to *Atkins v. Virginia*, 536 U.S. 304 (2002). (ECF No. 930). In anticipation of that hearing, the parties have retained experts and submitted extensive briefs on a number of issues related to the determination of the issue, as well as issues related to the hearing itself. Due to various delays, including lengthy delays occasioned by the Covid-19 pandemic, the hearing date has been adjourned multiple times, and there is not currently a date scheduled for a hearing on Wilson's *Atkins* motion. (See

ECF No. 1361, Order Adjourning Dates Relating to *Atkins* Hearing).

Furthermore, because of Wilson's also-pending competency motion,

which also has no date currently scheduled, no hearing is expected on

Wilson's *Atkins* motion for some time, and at least not until after a

hearing and ruling on the issue of competency.

### The AAIDD Manual and Age of Onset

As Wilson observes, the 12th Edition of the American Association

on Intellectual and Developmental Disabilities (AAIDD) amended the

age-of-onset criterion in its definition of intellectual disability.

Consistent with AAIDD's longstanding position, the AAIDD's previous

manual defined that criterion as follows: "This disability originates

before age 18." AAIDD Manual (11th Edition) at 1. AAIDD's recently

released manual, in contrast, provides: "This disability originates

during the developmental period, which is defined operationally as

before the individual attains age 22." AAIDD Manual (12th Edition) at

1.

Even assuming that the changes in the latest AAIDD's manual

were deemed to alter the longstanding 18-year standard for age of onset

under the Eighth Amendment—a point the government does not

concede—that development would have no material effect in this case. Wilson acknowledges that this change does not impact his experts' opinions, as they all opined an onset prior to the age of 18 regardless, and Wilson previously argued he was ID based upon the 11th Edition AAIDD Manual, which required an age of onset before 18. (ECF No. 930, PageID.8943-46).

The only potentially relevant consideration for the Court regarding age of onset pertains to one defense witness, ShaVont'e Griffin, who was administered the Adaptive Behavior Diagnostic Scale regarding Wilson and used a focal age of 20 when responding. (ECF No. 930, PageID.16333).  But even so, as evidenced by Wilson's own experts, there is no claim of onset after the age of 18, and no evidence of any trauma after he turned 18 that would explain a later onset.

As Wilson plainly states in his motion, "Defense experts Patton, Hunter, Fahey, Bigler, and Woods and the Government's expert Denney agree that adaptive deficits existed during the developmental period . . .." (ECF No. 1399, PageID.16334). While none of the government's experts found Wilson to be Intellectually Disabled, they applied the criteria under the DSM-5 and noted the existence of a likely language-

based learning disability, specifically Reading Disorder, which was
present during the developmental period. (ECF No.971-1, Page ID.9849-
51).  Dr. Denney was careful to point out that despite this likely
language-based learning disability, Wilson's "overall global cognitive
skills were higher than what would be expected for an individual with
mild Intellectual Disability."  *Id.*

<u>*Other Changes in the 12th Edition of the AAIDD Manual*</u>

Beyond the expansion of the definition of developmental period,
Wilson also highlights other alleged changes in the AAIDD Manual that
he believes "require a closer look" at the opinions offered by government
expert Dr. Denney.  ECF No. 1399, PageID.16332.

Wilson presents a statement from the AAIDD Manual 2021, "the
relation between intellectual functioning and adaptive behavior has
always been expressed historically and consistently as correlational, not
causative." AAIDD Manual 2021 at 33-34.  Wilson argues this
statement proves that the practice of requiring adaptive function to be
related to the intellectual deficit was improper, and that the DSM-5
"inadvertently created a fourth diagnostic criteria" when it stated, "To
meet diagnostic criteria for intellectual disability, the deficits in

adaptive function must be directly related to the intellectual

impairments described in Criterion A." DSM-5 at 38.

In fact, while AAIDD is of the opinion that this was "inadvertent"

or a mistake on the part of the DSM-5, it appears to have been

deliberate and intentional. AAIDD submitted a proposal to remove the

sentence from the DSM-5 stating that the deficits in adaptive function

"must be directly related" to the intellectual impairments in 2018. (See

Exhibit A, AAIDD Comments to the APA). The APA proposed changes

in response, seeking to clarify its position. The APA proposal would

have replaced the "must be directly related" language with the

language: "Adaptive functioning is understood to be the application of

intelligence to functioning in everyday life. Criterion A (deficits in

intellectual functions) and Criterion B (deficits in adaptive functions)

are related in that the deficits in adaptive functioning are a

consequence of intellectual deficits defined in Criterion A and are not

the result of a co-occurring DSM-5 mental disorder." *Id.* at Comment 1,

Paragraph 3. Thus far, the APA has not revised that part of the DSM-

5, which is an implicit rejection of the AAIDD proposal to wholly sever

the two criteria from each other. It is clear there is a disagreement

between the APA in the DSM-5 Manual and the AAIDD in the AAIDD 12th Edition Manual on this issue, and it is not a settled matter, nor a "mistake" on behalf of the APA that the AAIDD has stepped in to correct for them.

Wilson also supplemented his motion to argue further his position regarding the Flynn Effect and the use of self-reports in assessing adaptive behavior. It is not clear that these changes in the AAIDD Manual were at all substantive, nor whether they would have any impact on Dr. Denney's opinion. Should those changes be substantive and modify the previous standards, nonetheless, Wilson is attempting to hold Dr. Denney's opinion to standards that did not exist at the time he expressed his opinion regarding Wilson, or standards that are not in fact generally accepted by the medical community. In any event, these too are issues better resolved after the *Atkins* hearing, when all of the evidence and testimony has been taken and considered.

<u>Conclusion</u>

Ultimately, the government agrees in part with Wilson: the Court should *consider* the supplemental authority, that is, the 12th Edition of the AAIDD Manual. Nonetheless, particularly with regard to the

change in definition of the "developmental period" there is no practical effect or impact in Wilson's case, as he is not claiming, nor do any of the experts suggest onset, if any, after Wilson turned 18. Thus, it is not even necessary for the Court to determine the impact of that change in the AAIDD and whether it is a standard that should be applied here.

Wilson's attempt to characterize these updates as the now preeminent or dominant view of the medical community is premature and not supported by the record. In light of the peripheral impact of the updates to the AAIDD manual on the issues in this case, the government respectfully asks the Court to effectively hold any ruling on the amount of consideration to be given to the supplemental authority in abeyance until such time as those issues become ripe: that is, after a ruling on Wilson's competency motion and after a hearing and further briefing on Wilson's *Atkins* motion. For one, after such hearing, it may become wholly apparent that it is unnecessary for this Court to even decide the issue of what constitutes the developmental period and what the threshold for age of onset should be in order to rule on Wilson's *Atkins* motion.

Respectfully Submitted,

SAIMA S. MOHSIN
Acting United States Attorney

*/s/ Andrew R. Picek*
ANDREW R. PICEK
ROBERT A. MORAN
Assistant United States Attorneys
211 W. Fort Street, Suite 2001
Detroit, MI  48226
Phone: (313) 226-9652
E-Mail: andrew.picek@usdoj.gov
Bar No. OH0082121

Dated: March 13, 2021

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 13, 2021. I had the foregoing electronically filed with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.

<div style="margin-left:40%">

*/s/ Andrew R. Picek*
ANDREW R. PICEK
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI  48226
Phone:  (313) 226-9652
E-Mail: andrew.picek@usdoj.gov
Bar No. OH0082121

</div>